UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES CANE MERRIVAL,<br><br>Defendant. | 5:22-CR-50006-KES<br><br><br>ORDER DENYING MOTION FOR DISCOVERY REQUEST OF ALLEGED WITNESS RECORDS (DOC. 196) |

Defendant Charles Cane Merrival filed a "Ritchie[1] Motion for Production and inspection of records of Mental" health, criminal history, deals or inducements from the Government, and educational history for "Athena Yellow Thunder and Bobbie Lovern[.]" (Doc. 196). Merrival states "[t]his request is based on the fact that the complaining witnesses have a history of criminal activity and behavior which includes alcohol abuse, drug abuse, and dishonesty[.]" The court denies Merrival's motion for three reasons.

## DISCUSSION

**1. All motions must be made through counsel**

Merrival filed a *pro se*[2] motion. Because he is represented by counsel, all motions must be made through his attorney. See United States v. Stanko, 491

---

[1] Merrival is relying on Pennsylvania v. Ritchie, 480 U.S. 39, 58-60 (1987).
[2] The court held a hearing on April 18, 2024, on Merrival's former attorney's motion to withdraw. For the reasons stated on the record during the hearing, the court found that Merrival had forfeited his Sixth Amendment right to counsel. However, in searching for an attorney who would serve a stand-by counsel, the court located an attorney who was willing to

1

F.3d 408, 411 n.2 (8th Cir. 2007) (The court declines to address *pro se* motions when defendant is represented by counsel); United States v. Peck, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998) (It is not the court's "practice to consider *pro se* briefs filed by parties represented by counsel"). Accordingly, on this basis, the motion is denied without prejudice.

### 2. Merrival failed to meet and confer

District of South Dakota Criminal Local Rule 47.1(A) states that "[b]efore filing a discovery motion, the certification required under D.S.D. Crim. LR 16.1 must be met." Local Rule 16.1 states "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute."

"[T]he application of local rules is a matter peculiarly within the district court's province." Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (internal quotations omitted); Reasonover v. St. Louis Cnty., 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to … enforce local rules."). A movant's failure to comply with the meet and confer requirement may dictate denial of his motion. United States v. Wicks, No. 11-CV-5027-JLV, 2012 WL 1576000, at *2 (D.S.D. May 3, 2012) (analyzing D.S.D. Civ. LR 37.1, which, like Crim. LR 16.1, requires parties to "file a separate certification describing the good faith efforts of the parties to resolve the

---

represent Merrival as full legal counsel. The court held a status hearing on April 19, 2024, with Merrival and attorney John Rusch to discuss whether Merrival preferred to appear pro se, or if he wanted John Rusch to serve as full legal counsel. Merrival advised the court that he wanted John Rusch to be his attorney; the court entered an order appointing John Rusch to be Merrival's attorney. (Doc. 181).

dispute."). The goal of these requirements is to make sure that discovery motions are not brought before the court that the parties could have resolved informally between themselves. Id.

Merrival's motion does not provide any description of efforts made by either party to resolve the dispute, nor did Merrival file a separate certification describing his efforts to meet and confer with the Assistant United States Attorney regarding the request set forth in his motion. Simply stating his discovery request falls short of the requirements of D.S.D. Crim. LR 47.1(A) and 16.1. Accordingly, on this basis, it is recommended that his motion be denied.

### 3. Merrival failed to show that he is entitled to the requested discovery

Although not obligated to address the merits of the motion, the court has reviewed the merits of the motion and for the reasons stated herein, finds the motion for a "Ritchie Motion for" discovery for "Athena Yellow Thunder and Bobbie Lovern" to be without merit.

In Ritchie the defendant, who was charged with sexual offenses involving his daughter, wanted to obtain the investigative files from the state's investigative agency, Children and Youth Services, a protective agency charged with investigating cases of suspected mistreatment and neglect. Pennsylvania, 480 U.S. 39, 58-60 (1987). Defendant argued that he could not effectively question his daughter without the files and the files could reveal inconsistent statements and the names of potential witnesses. Under Pennsylvania state law, the records were subject to a qualified confidentiality and allowed

disclosure "to a 'court of competent jurisdiction pursuant to a court order.' " Id. at 44, 57–58. The Court observed that this was not a case where a state statute granted the agency with "the absolute authority to shield its files from all eyes." Id. at 58. Applying Brady and its progeny, the Court determined that because state law allowed for the disclosure of confidential information, a criminal defendant had the right, under the Due Process Clause of the Fourteenth Amendment, to have the records concerning his daughter reviewed in camera. Id. at 57–61. The Court, however, expressly left open the question of "whether the result in this case would have been different if the statute had protected the [agency] files from disclosure to anyone, including law enforcement and judicial personnel." Id. at 58, n. 14 (emphasis in the original).

"Under Brady and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence." United States v. Robinson, 809 F.3d 991, 996 (8th Cir. 2016); see United States v. Whitehill, 532 F.3d 746, 753 (8th Cir. 2008) ("Brady applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).

"The [Supreme] Court has extended Brady protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.' " United States v. Sigillito, 759 F.3d 913, 930 (8th Cir. 2014) (quoting Giglio, 405 U.S. at 154). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the

4

constitutionally protected right of cross-examination." Sigillito, 759 F.3d at 930 (quotation omitted). The Eighth Circuit "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the Brady disclosure requirement." Id. (citing United States v. Librach, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." Id. (citing United States v. Bagley, 473 U.S. 667, 683 (1985)).

Here, Merrival requests discovery on Athena Yellow Thunder and Bobbie Lovern. (Doc. 196). Merrival does not meet his burden of establishing that the requested discovery is material, as required under Brady and its progeny. The court already ordered the government to turn over all Brady material. During Merrival's initial appearance on January 14, 2022, the court orally ordered the government to produce said material. The court also entered the following text order at Docket 8:

> Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence--that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

To the extent that Merrival seeks materials that are contemplated by the above order, the motion is denied as moot. To the extent that Merrival seeks materials that fall outside the scope of the above order, the court denies the

motion without prejudice because, he makes no showing as to how the requested information is relevant or exculpatory.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  FED. R. CRIM. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 22nd day of May, 2022.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge